UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEFFREY JAY RUSTHOVEN,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections, and
Warden LOUIS STENDER,

Respondents.

Civil No. 00-1612 (DWF/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

On July 8, 1994, Petitioner was convicted in the district court for Dakota County, Minnesota, on charges of first and second degree criminal sexual conduct. He received a 134-month prison sentence, which he is presently serving at the Minnesota Correctional

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUL 25 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

Facility in Moose Lake, Minnesota. (Petition, [Docket No. 1], p. (2).)

Following his conviction, Petitioner filed a direct appeal with the Minnesota Court of Appeals, in which he raised a claim of prosecutorial misconduct. In a decision dated October 3, 1995, the Court of Appeals rejected Petitioner's claims and affirmed his conviction. State v. Rusthoven, No. C1-94-2463 (Minn.App. 1995), 1995 WL 579252 (unpublished opinion). Petitioner applied to the Minnesota Supreme Court for further review, but that application was denied by order dated November 30, 1995. Id.

In his brief in support of his current petition, (Docket No. 2), Petitioner represents that on May 11, 1998, he filed a motion in the trial court for post-conviction relief, based on claims of prosecutorial misconduct and ineffective assistance of counsel. That motion was denied by the trial court on August 24, 1998. The Court of Appeals affirmed the trial court's ruling on the post-conviction motion on July 6, 1999, and the Minnesota Supreme Court denied a petition for review on September 14, 1999. Rusthoven v. State, No. CX-98-1949 (Minn.App. 1999), 1999 WL 451146 (unpublished opinion).

On July 10, 2000, Petitioner filed his present application for federal habeas corpus relief. The instant petition lists four grounds for relief: (1) that the prosecutor "misused character evidence [of] prior convictions," (2) that the prosecutor "improperly rendered personal opinions," (3) that the prosecutor "introduced issues broader than guilt or innocence and inflamed the jury's passions and prejudice," and (4) that Petitioner received ineffective assistance of counsel because his attorney failed to call certain witnesses who would have supported his defense. (Petition, pp. (5)-(6), ¶ 12.) None of these claims will be addressed on the merits, however, because the Court finds that the petition was not

filed within the time limit prescribed by 28 U.S.C. § 2244(d). Instead, it will be recommended that the petition be summarily dismissed with prejudice, because it is time-barred.

## II. DISCUSSION

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) would have any applicability. In other words, there is no

suggestion that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-recognized constitutional right or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner's judgment of conviction was finally upheld on direct appeal when the Minnesota Supreme Court denied his request for further review on November 30, 1995. For purposes of 28 U.S.C. § 2244(d)(1)(A), however, the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the U.S. Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup.Ct.R. 13.1. Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgment of conviction became final on February 28, 1996 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction on direct appeal.

The Eighth Circuit Court of Appeals has held, however, that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, although Petitioner's conviction became final, for purposes of §

2244(d)(1), on February 28, 1996, the statute of limitations did not actually began to run in this case until April 24, 1996. This means that the limitations period did not expire until April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

However, Petitioner did not file his present petition until July 10, 2000, which was more than four years after the statute of limitations began to run in this case, and more than three years after the limitation period expired. Thus, the Court concludes that the instant petition is clearly time-barred and cannot be entertained at this late date.

The Court has not overlooked 28 U.S.C. § 2244(d)(2), which stops the statute of limitations from running while state post-conviction proceedings are pending. The tolling provisions of § 2244(d)(2) cannot aid the instant Petitioner, however, because the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. Petitioner did not file his post-conviction motion until May 11, 1998, which was more than a year after the statute of limitations expiration date of April 24, 1997. Again, Petitioner's post-conviction motion could not toll the statute of limitations, because the limitations period had already expired before that motion was filed. See Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief"); Williams v.

Cain, No. CIV. A. 00-536, (E.D.La. June 27, 2000), 2000 WL 863132 at *2 (same).[2]

Because it plainly appears that Petitioner's present habeas corpus petition is time-barred pursuant to 28 U.S.C. § 2244(d), the Court recommends that this action be summarily dismissed pursuant to Rule 4. Moreover, because Petitioner is now statutorily ineligible for federal habeas corpus relief, it is further recommended that the action be dismissed with prejudice.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[2] Petitioner might believe that a post-conviction motion does much more than just temporarily stop the statute of limitations from running while the post-conviction proceedings are pending. He may think that filing a post-conviction motion actually 'resets the clock,' so that a prisoner gets a fresh new one-year limitation period that does not begin until the state post-conviction proceedings are completed. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir. 2000), pet. for cert. filed July 5, 2000 (No. 00-40); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DISMISSED WITH PREJUDICE.**

Dated: July 24th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.