**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JEFFREY JAY RUSTHOVEN,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections, and
LOU STENDER, Warden,

Respondents.

Civil No. 00-1612 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his 1994 convictions for first- and second-degree criminal sexual conduct. The matter was referred to Magistrate Judge Arthur J. Boylan, who concluded that the petition should be summarily dismissed because it was time-barred under 28 U.S.C. § 2244(d). (*See* Report and Recommendation ("R&R"), dated July 24, 2000 (Doc. No. 3).) After receiving Petitioner's objections to the R&R, this Court conducted a *de novo* review of the case, adopted the R&R, and ordered that the petition be dismissed with prejudice. (Order dated August 28, 2000 (Doc. No. 7).) Thereafter, Petitioner filed a Notice of Appeal (Doc. No. 9), which was accompanied by a request for a Certificate of Appealability (Doc. No. 10), and an application seeking leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. No. 11). For the reasons discussed below, Petitioner's IFP application will be granted, but his request for a Certificate of Appealability will be denied.

FILED SEP 29 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

## DISCUSSION

### A. IFP Application

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, Petitioner's IFP application shows that he has only nominal assets and a very modest income from a prison job. Based on Petitioner's representations regarding his financial condition, the Court finds that Petitioner is financially eligible for IFP status. The Court further finds that the issues Petitioner seeks to raise on appeal are not legally frivolous and that Petitioner's appeal is taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Petitioner's IFP application will therefore be granted.

### B. Certificate of Appealability

A state prisoner is not permitted to appeal a final order denying a petition for habeas corpus relief under 28 U.S.C. § 2254 without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless

the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 119 S. Ct. 89 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner contends that he is entitled to a COA so the Court of Appeals can review this Court's application of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d). He contends that his habeas petition is not time-barred because (i) he was required to exhaust his state court remedies before seeking federal habeas relief, (ii) "the state created a[n] impediment that prevented [him] from under standing [sic] and seeking federal habeas relief within the prescribed one-year limitation period," and (iii) he received ineffective assistance of appellate counsel, because his attorney did not properly advise him about how to challenge the adequacy of

his legal representation at the trial court level. Petitioner is not entitled to a COA based on any of these contentions.

First, although Petitioner has correctly pointed out that state prisoners must exhaust their state court remedies before seeking federal habeas relief, he has failed to explain how that principle is applicable here. If he had exhausted his state court remedies in a timely fashion, and pursued federal habeas relief in a timely manner, his petition would not have been time-barred. It was not the exhaustion requirement, but his own delinquency, that caused his petition to be untimely.

Petitioner further contends that the state created an impediment that prevented him from seeking federal habeas relief in a timely manner. This argument might warrant further attention if Petitioner had actually identified the state-created impediment to which he is alluding. However, the delinquency of his petition cannot be excused based on nothing more than Petitioner's own conclusory assertion that the state created an impediment.

It appears that Petitioner might be attempting to somehow blame the state for his own confusion about the proper manner in which to raise a claim of ineffective assistance of counsel in the state courts. If that is what Petitioner has in mind, his reasoning is clearly flawed. Even if he could show some conflict between various state court decisions discussing the proper method for presenting ineffective assistance claims, that would not explain why he waited until approximately two-and-a-half years after his direct appeal was completed before raising his ineffective assistance claims in his state post-conviction motion. That two-and-a-half year delay is what caused his current petition to be too late. He has failed to explain how any alleged conflict or inconsistency in Minnesota's appellate court decisions could have caused that delay.

Finally, Petitioner attempts to blame the tardiness of his federal habeas corpus petition on some allegedly bad advice that he received from his appellate counsel. He claims that the attorney

who represented him on direct appeal erroneously advised him that the proper way to challenge the adequacy of his trial counsel's legal representation was to file a post-conviction motion, rather than raising the issue on direct appeal. This argument must also be rejected, because it also fails to explain the untimeliness of Petitioner's federal habeas petition. Regardless of how Petitioner could have, or should have, raised a claim of ineffective assistance of trial counsel, the fact remains that he himself did nothing for two-and-a-half years (between November 1995 and May 1998), and that is what caused his current petition to be untimely.

In sum, Petitioner has offered no reason to think that any other court–including the Eighth Circuit Court of Appeals–could decide this case any differently than it was decided here. He has not identified, and the Court cannot independently identify, anything novel, noteworthy or worrisome about his case, which might cause it to warrant appellate review. Thus, the Court concludes that Petitioner has not made "a substantial showing of the denial of a constitutional right" in this case, and that he is not entitled to a COA.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal (Doc. No. 11), is **GRANTED**; and

2. Petitioner's request for a Certificate of Appealability (Doc. No. 10) is **DENIED**.

Dated: September 29, 2000

DONOVAN W. FRANK
Judge of United States District Court