**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jeffrey Jay Rusthoven, Civil No. 00-1612 (DWF/AJB)

Petitioner,

v. **ORDER**

Sheryl Ramstad Hvass, Commissioner,
Minnesota Department of Corrections;
State of Minnesota; and Lou Stender,
sued as Louis Stender, Warden Moose Lake,

Respondents.

---

Jeffrey J. Rusthoven, Pro Se, #158820, Minnesota Correctional Facility, 1000 Lakeshore Drive, Moose Lake, MN 55767, Petitioner.

James C. Backstrom, Dakota County Attorney, 1560 West Highway 55, Hastings, MN 55033, counsel for Respondents.

---

This matter is before the Court upon Petitioner's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated July 24, 2000. The Report and Recommendation recommends that Petitioner's application for a writ of habeas corpus be dismissed with prejudice.

The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based upon the Court's review of the record and the Court having reviewed the arguments and objections of the Petitioner, and the Court being otherwise duly advised in the premises, the Court hereby adopts the Report and Recommendation of Magistrate Judge Boylan in all respects.

Accordingly, **IT IS HEREBY ORDERED** THAT:

FILED AUG 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD AUG 28 2000
DEPUTY CLERK

1. Magistrate Judge Boylan's Report and Recommendation dated July 24, 2000 (Doc. No. 3), is **ADOPTED**.

2. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is hereby **DISMISSED WITH PREJUDICE**.

Dated: August 28, 2000

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995